BLANCO *v.* HERNÁNDEZ ET AL.*

APPEAL from the District Court of Mayagüez.

No. 791.—Decided June 26, 1912.

DISSENTING OPINION OF MR. CHIEF JUSTICE HERNÁNDEZ AND
MR. JUSTICE ALDREY.

The ground upon which a majortiy of this court rests its
opinion that the share of $1,776.50 which Clotilde Arán once
had in the estate involved in this action is the property of
the plaintiff, Alejandrina Blanco Ramírez, affirming in regard
to this point the judgment appealed from, which judgment

---

* Dissenting opinion delivered October 21, 1912. The main case appears on
page 686 *et seq.* of this volume.

ordered also the cancellation of any entry or notice in favor of Agustín Hernández Mena, is that when Hernández Mena acquired the $2,000 mortgage credit of Clotilde Arán and later had her mortgaged share of said estate adjudicated to him at public auction in payment of said credit he had express knowledge through the action in intervention brought by Alejandrina Blanco Ramírez of the purchase by her at a public sale for delinquent taxes of the property of which the said share was a part, and that for this reason he cannot be considered as an innocent third party, the foundation for such reason being that he could easily have verified the existence of said fact by applying to the public offices of either the collector of internal revenue or of the Treasurer of Porto Rico.

It is well to remember that the conveyance referred to in the action in intervention was presented in the registry of property for record after Hernández Mena had acquired the mortgage credit of Clotilde Arán and after he had had her share in the property adjudicated to him in payment of the said mortgage credit.

We do not concur with our associates in their opinion that a person loses the character of an innocent third party because he is informed of a sale by a mere statement in an allegation, nor that after having gained such information it is his duty to apply to the office where the same has been recorded for the purpose of verifying the statement.

The simple reference to certain facts in an allegation does not make such facts true and correct, and, therefore, the statement which the intervenor made in her complaint to the effect that she had purchased the property in litigation cannot operate against Agustín Hernández Mena, nor can that mere reference be considered as the ground upon which to rest the theory that by so simple a statement a subsequent purchaser should be deemed to have been informed of the sale without any doubt whatever, losing for that sole

reason his character of an innocent third party. To hold such a view is tantamount to saying that allegations are always true.

There is no legal precept that we know of, nor has the majority of this court cited any in its opinion, imposing upon a party the obligation of applying to public offices for the purpose of verifying a purchase the consummation of which has been recited in an allegation. Let us suppose that Alejandrina Blanco Ramírez had alleged that she made the purchase in another country, would Agustín Hernández Mena be compelled to go to that country for the purpose of verifying such purchase? The majority of this court seems to have answered this in the affirmative.

The only obligation that we know of imposed upon a purchaser by the mortgage law is that of searching the records of the registry of property to ascertain who has the title to the property. And in the case at bar when Agustín Hernández Mena acquired the share of $1,776.50 of Clotilde Arán in payment of the $2,000 mortgage the owner thereof, according to the books of the registry, was Clotilde Arán and not Alejandrina Blanco Ramírez.

Therefore, as we stated and demonstrated in our dissenting opinion in *Manuel Jordán Correa* v. *Federico A. Gómez,* decided March 30, 1912, if it is the registry of property and not the municipal or district courts, nor the marshals, nor the newspapers, nor, we may add, the offices of the collector of internal revenue, or of the Treasurer where one should ascertain who the owner of a property is, how can it possibly be held that a simple statement by a person, verbal or written, to the effect that he had purchased a piece of property be taken as evidence that the party who has knowledge of it is informed without any doubt of the truthfulness of the transaction and that he should suffer loss if he purchased it from the owner shown in the registry?

The decision rendered by the Supreme Court of Spain on

March 13, 1903, and cited by our associates, says that a person who contracts a loan secured by mortgage upon real property knowing that said property had been previously alienated by the person with whom he contracted, cannot be considered an innocent third party *provided that said knowledge has been disclosed by personal acts of the vendee or by facts whose significance cannot fail to be recognized* and which demonstrate his assent. No acts or statements of Agustín Hernández Mena have come within our observation showing that when he made the purchase he had positive knowledge that the property then belonged to Alejandrina Blanco, although he did know that she had made an allegation to that effect in her complaint in the suit in intervention.

If, as we stated in our dissenting opinion above mentioned, which was supported by opinions cited, not even the recording of that complaint in the registry of property would be sufficient to deprive Hernández Mena of his character of an innocent third party, we do not see how a simple allegation of a complaint can do so.

For the reasons above stated and inasmuch as Agustín Hernández Mena has not lost his character of innocent third party and has acquired the $2,000 mortgage and afterwards the share of $1,776.50 belonging to Clotilde Arán in payment of the said mortgage on the strength of the records in the registry he should have been adjudged to be the owner of the said share, and the judgment appealed from, as far as that particular point is concerned, should have been reversed.